```
UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF TENNESSEE
           at CHATTANOOGA
```

| | |
|---|---|
| THOMAS E. BRADY, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:07-cv-145 |
| v. ) | |
| ) | Judge Mattice |
| STATE OF TENNESSEE, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant State of Tennessee's Motion to Dismiss [Court Doc. No. 9] pursuant to Rule 12(b)(1) (lack of jurisdiction over the subject matter) of the Federal Rules of Civil Procedure and Rule 12(b)(6) (failure to state a claim upon which relief can be granted). Also before the Court is Plaintiff Thomas E. Brady's Objection [Court Doc. No. 17] to the Court's Order [Court Doc. No. 12] dismissing Plaintiffs Total Orthotic & Prosthetic Systems, Inc. and Myles Standish Brady.

**I.     DEFENDANT'S MOTION TO DISMISS**

    **A.     Standards**

        1.     *Rule 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Assn.*, 287 F.3d 568, 573 (6th Cir. 2002). Challenges to subject matter jurisdiction

may be either facial or factual. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial challenge is a challenge to the sufficiency of the pleading. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325. When reviewing a facial challenge, the Court must accept as true all well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the nonmoving party. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325. In contrast, a factual challenge is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. When reviewing a factual challenge, no presumption of truthfulness applies to the factual allegations of the complaint, and the Court must weigh the conflicting evidence to determine whether subject matter jurisdiction exists. *Id.*; *Ohio Nat'l*, 922 F.2d at 325. The Court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l*, 922 F.2d at 325.

2. *Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). To survive a motion to dismiss under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing Bell *Atlantic v. Twombly*, 127

S.Ct. 1955, 1974 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

### B. Analysis

A court's subject matter jurisdiction is "the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). By statute, federal courts have subject matter jurisdiction over only two types of cases: (1) those that "arise under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and (2) those that involve parties that are "diverse" (i.e. citizens of different states) and in which the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. Unless the allegations of a complaint demonstrate that a case falls into one of these two categories, a court must dismiss the case for lack of subject matter jurisdiction.

The Federal Rules of Civil Procedure state that a pleading shall contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Plaintiff's Complaint for Unconstitutional and Criminal act perpetrated by Officers of the Court, State and Citizens [Court Doc. No. 1] does not indicate the grounds upon which Plaintiff relies in invoking the Court's subject matter jurisdiction. The United States Supreme Court has held that "a document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007). However, *pro se* plaintiffs are not "automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Liberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001).

In an attempt to discern a basis for subject matter jurisdiction, the Court has sifted through Plaintiff's eighteen page *pro se* Complaint and identified two "counts" in which Plaintiff claims that his constitutional rights were violated. He alleges that the State of Tennessee violated his right to due process (Court Doc. No. 1 ("Complaint") at 8, ¶ 23) and his right to equal protection (Complaint at 9, ¶ 25). These two "counts," liberally construed, could invoke federal statute 42 U.S.C. § 1983 and thereby provide the Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

To establish a claim pursuant to § 1983, a plaintiff must demonstrate two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000). Section 1983 "creates no substantive rights; it merely provides remedies for

deprivations of rights established elsewhere." *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000). The United States Supreme Court has held that "neither a State nor its official acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

The only defendant named in Plaintiff's complaint is the State of Tennessee. (Complaint at 1.) Because the State of Tennessee is not a "person" for purposes of a claim under §1983, Brady has not pled facts that state a claim which would entitle him to relief, as required to avoid dismissal under Rule 12(b)(6). Accordingly, any of Plaintiff's claims which he seeks to assert pursuant to § 1983 are **DISMISSED WITH PREJUDICE**.

None of the remaining claims in Plaintiff's complaint "arise under the Constitution, laws, or treaties of the United States." Thus, the Court does not have original jurisdiction over this case under 28 U.S.C. § 1331.

The Court would have original jurisdiction over this matter under 28 U.S.C. § 1332 if the parties were diverse. However, Plaintiff does not allege that the parties are diverse and the Court's review of the pleadings reveals that, even liberally construed, diversity does not exist. Plaintiff's complaint states that he resides in McMinnville, Tennessee and the defendant is the State of Tennessee. (Complaint at 18.) Therefore, the Court does not have original jurisdiction to hear any of the remaining allegations in Plaintiff's complaint.

**C.    Conclusion**

The Court has original jurisdiction over only the § 1983 claims in Plaintiff's complaint. As discussed above, Plaintiff's § 1983 claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief could be granted. Because the

Court does not have original jurisdiction over any of the remaining claims, it does not have supplemental jurisdiction. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all such other claims in the action within such original jurisdiction that they form part of the same case or controversy...."). Accordingly, Defendant's Motion to Dismiss [Court Doc. No. 9] is **GRANTED**.

## II.    PLAINTIFF'S OBJECTION

Plaintiff Thomas Brady filed an Objection [Court Doc. No. 17] on behalf of Myles Standish Brady ("Myles") and Total Orthotic & Prosthetic Systems Inc. ("Total Orthotic").

Thomas Brady, who is not an attorney, originally filed his Complaint on behalf of himself as well as Myles and Total Orthotic, both of whom he purported to represent *pro se*. This Court issued an Order [Court Doc. No. 5] notifying Thomas Brady that the Federal Rules of Civil Procedure do not allow a non-attorney to appear *pro se* on another person's behalf or on behalf of a corporation. The Court's Order gave Thomas Brady nearly a month to obtain an attorney for Myles and Total Orthotic and stated that if he did not do so, those parties would be dismissed. The Court never received a notice of appearance of an attorney on behalf of Myles or Total Orthotic, and they were dismissed without prejudice on August 10, 2007. [Court. Doc. No. 12]

On September 11, 2007, Thomas Brady filed an Objection on behalf of Myles and Total Orthotic, asking the Court to reconsider its dismissal of these parties. The Objection states that Myles and Total Orthotics have not obtained the assistance of an attorney because they have "tried the Council approach" and it has "done nothing more than create

greater Problems, Damage and Trauma." (Court Doc. No. 17 at 2.) It also alleges that the dismissal of Myles and Total Orthotics is a violation of their right to due process by denying access to the courts and a violation of the mission statement of the federal court system. (*Id.*)

Given the Court's above ruling that it lacks subject matter jurisdiction over this case, Plaintiff's Objection is moot. The participation or non-participation of Myles Brady and Total Orthotic as plaintiffs in this case does not affect the Court's ruling that it does not have subject matter jurisdiction. Once the Court has determined that it lacks subject matter jurisdiction over a case, all pending motions are moot. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137, 112 S.Ct. 1076 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it.") Accordingly, Plaintiff's Objection [Court Doc. No. 17] is **OVERRULED as MOOT.**

### III. CONCLUSION

Plaintiff's Objection [Court Doc. No. 17] is **OVERRULED as MOOT**. Defendant's Motion to Dismiss [Court Doc. No. 9] is **GRANTED**, and the above captioned case will be **DISMISSED WITH PREJUDICE**. The Clerk shall close the file.

SO ORDERED this 19th day of November, 2007.

                                               */s/Harry S. Mattice, Jr.*
                                               HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE